**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| BREEO LLC,<br><br>             Plaintiff,<br><br>      v.<br><br>YARDCRAFT LLC and URBAN FIRE LLC,<br><br>             Defendants. | Civil Action No. _____<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT, UNFAIR COMPETITION AND

## FALSE DESIGNATION OF ORIGIN IN VIOLATION OF LANHAM ACT

Breeo LLC ("Breeo" or "Plaintiff"), by and through its attorneys, for its Complaint for Patent Infringement against YardCraft LLC ("YardCraft") and Urban Fire LLC ("Urban Fire") collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE ACTION

1.      This action arises under 35 U.S.C. § 271 and 15 U.S.C. § 1125(a) for Defendants' infringement of U.S. Patent No. D926,950 (the "'950 patent"), U.S. Patent No. D919,777 (the "'777 patent"), U.S. Patent No. D956,193 (the "'193 patent"), and U.S. Patent No. 11,278,153 (the "'153 patent") (collectively, the "patents-in-suit"), and Defendants' unfair competition and false designation of origin in violation of the Lanham Act.

## THE PARTIES

2.      Breeo is a limited liability company organized under the laws of Pennsylvania, with a principal place of business at 5002 Lincoln Highway, Kinzers, PA 17535.

3.      YardCraft is a limited liability company organized under the laws of Pennsylvania, with a principal place of business at 191 Jalyn Drive, New Holland, PA 17557.

4.      Urban Fire is a limited liability company organized under the laws of Pennsylvania, with a principal place of business at 271 South Shirk Road, New Holland, PA 17557.

## JURISDICTION AND VENUE

5.      This action arises under the patent laws of the United States, including at least 35 U.S.C. § 271.

6.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Defendants because Defendants are organized under the laws of Pennsylvania and regularly conduct business in this judicial district. Further, Defendants have infringed and continue to infringe the patents-in-suit in this judicial district.

8.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391 and 1400(a) because Defendants are organized under the laws of Pennsylvania and have their principal places of business in this judicial district. Further, Defendants have infringed and continue to infringe the patents-in-suit in this judicial district.

## BACKGROUND

9.      Breeo is a pioneer in the fire pit industry. In October 2011, Breeo designed and built the world's first smokeless fire pit. Breeo's innovative design was a significant improvement over traditional fire pits by reducing smoke and providing for a more even cooking surface. Smokeless fire pits are designed to increase the flow of oxygen, allowing for a hotter fire that burns its own smoke before the smoke has the chance to escape the fire pit. Smokeless fire pits provide a number of benefits over standard fire pits. Smoke from standard fire pits can cause irritation of the eyes and impart an undesirable smell to clothing. Smoke from standard fire pits can also cause more damage to the environment. Smokeless fire pits avoid all of these problems.

10. Breeo products are manufactured in the United States. Breeo's manufacturing facility in Lancaster, Pennsylvania provides jobs to the local community. Breeo's Pennsylvania-based manufacturing has allowed Breeo to be more nimble in designing, building, and testing its smokeless fire pit products and to provide higher quality assurance.

11. At the 2014 Hearth, Patio, and Barbecue Association Expo, Breeo launched its Ablaze smokeless fire pit product and won the Vesta Awards for Best-in-Show Outdoor Room Products and Outdoor Hearth Products.

12. In 2017, Breeo had seven employees. By 2020, Breeo had grown to a team of 50 employees. Today, the Breeo product portfolio includes smokeless firepits, cooking accessories, fireside furniture, and miscellaneous campfire products. Manufacturing continues to be located in the Lancaster, PA area, with Breeo employing just under 100 individuals.

13. The United States Patent and Trademark Office ("PTO") granted Breeo multiple patents, including the patents-in-suit, in recognition of Breeo's innovative designs and smokeless fire pit technology. Using its patented designs and technology, Breeo manufactures a superior smokeless fire pit product that provides its customers a more enjoyable fire pit experience.

14. Breeo sells its X Series smokeless fire pits, which have become inherently distinctive to consumers. Breeo sells the X Series smokeless fire pit in three sizes: 19 inches, 24 inches, and 30 inches. Breeo's X Series fire pits are commercial embodiments of the patents-in-suit. Breeo has complied with the marking requirements of 35 U.S.C. § 287(a) at all relevant times.

15. YardCraft manufactures and sells smokeless fire pit products that infringe the patents-in-suit. Urban Fire also sells Accused Fire Pits. On its website, Urban Fire states that

"Urban Fire is a YardCraft brand." *https://urbanfire.co/contact/*.  In addition, visitor's to Urban Fire's website are directed toward YardCraft to purchase the infringing fire pit products online:



*Id.*

16.     Breeo notified YardCraft of its infringement of the patents-in-suit via a series of letters and emails dated August 17, 2021, April 8, 2022, June 17, 2022, and July 7, 2022.  Through these letters, Breeo notified YardCraft that YardCraft's manufacture and sale of "The Forge™ Smokeless Fire Pit" and "The Hearth™ Smokeless Fire Pit" (collectively, "the Accused Products") infringed certain patents owned by Breeo.  Breeo requested that YardCraft cease and desist promoting, marketing, manufacturing, distributing, and selling the Accused Products and remove them from its website.

17.     In response to Breeo's letters, YardCraft represented that "changes have been made to the YardCraft fire pits to further avoid infringement."  YardCraft, however, has yet to provide any evidence substantiating YardCraft's claim that it has changed the design of its Accused Products.  Rather, YardCraft has expanded its marketing and sales of the Accused Products at least through its own website as well as its listings on Lowe's website and by launching the "Urban Fire"    brand.    *See,    e.g.*,    https://www.lowes.com/pd/YardCraft/5013507073;

https://www.lowes.com/pd/YardCraft-The-Forge-Smokeless-Fire-Pit-Diamond-Edition/5013307521.

18.     Urban Fire sells both of the Accused Products through its website.   *See* https://urbanfire.co/products/fire-pits/.

## THE PATENTS-IN-SUIT

19.     Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

20.     On August 3, 2021, the '950 patent, titled "Fire Pit," was duly and legally issued by the PTO.  A true and correct copy of the '950 patent is attached hereto as Exhibit A.

21.     On May 18, 2021, the '777 patent, titled "Fire Pit," was duly and legally issued by the PTO.  A true and correct copy of the '777 patent is attached hereto as Exhibit B.

22.     On June 28, 2022, the '193 patent, titled "Fire Pit," was duly and legally issued by the PTO.  A true and correct copy of the '193 patent is attached hereto as Exhibit C.

23.     On March 22, 2022, the '153 patent, titled "Outdoor Fire Pit and Post Holder," was duly and legally issued by the PTO.  A true and correct copy of the '153 patent is attached hereto as Exhibit D.

24.     Breeo is the owner and assignee of all right, title, and interest in the patents-in-suit. Breeo holds the right to sue for and collect all damages for infringement of the patents-in-suit, including past infringement.

25.     The '950 patent claims the ornamental design for a fire pit, consisting of rectangular legs that protrude from a smooth cylindrical exterior wall and extend to a flange toward the top of the firepit, as shown below and described in the patent.  The face of the '950 patent includes a depiction of the patented design:



26.     The '777 patent claims the ornamental design for a fire pit, consisting of rectangular legs that protrude from a smooth cylindrical exterior wall and extend to a flange toward the top of the firepit, as shown below and described in the patent.  The face of the '777 patent includes a depiction of the patented design:



27.     The '193 patent claims the ornamental design for a fire pit, consisting of air inlets at the bottom of the firepit and extend from the bottom law to form an X-shape, as shown below and described in the patent.  The face of the '193 patent includes a depiction of the patented design:



28.     The '153 patent generally relates to fire pit devices for containing a campfire.

29.     The fire pit devices of the '153 patent are configured to reduce the amount of smoke produced by the fires burning in main bodies of the devices.  In one configuration of the fire pit device, the reduction in smoke is achieved by supplying heated combustion air to the top of the fire.  This air is supplied through a plurality of upper air supply openings.  Air is supplied to upper air supply openings through an air supply duct that extends from an inlet disposed adjacent the lower end of the main body to the openings.  The warmed air assists the combustion and thus reduces the amount of smoke produced by the fire.

30.     The fire pit devices of the '153 patent further provide air inlets in the bottom of the main body where the fuel for the fire is supported and the ashes produced by the fire collect.  The fire pits include air inlet channels that define raised air inlets that limit clogging by the ash while evenly distributing the inlet air under the fire.

31.     Claim 11 is exemplary:

11. A fire pit comprising:

a body having a bottom wall and a sidewall that define a fire box;
the fire box adapted to receive items to be burned when the fire pit
is used;

the bottom wall defining a plurality of air openings;
a plurality of hollow air inlet arms connected to the bottom wall over the air openings;

each of the air inlet arms having first and second ends;

each of the air inlet arms having a top portion that defines spaced-apart, discrete air inlets for the fire box along the air inlet arm between the first and second ends; and

the spaced-apart, discrete air inlets being spaced above the bottom wall.

## COUNT I
## INFRINGEMENT OF THE '950 PATENT

32.     Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

33.     The '950 patent is valid and enforceable.

34.     Defendants infringed the '950 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Accused Products.

35.     Defendants induced infringement of the '950 patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally selling or otherwise supplying the Accused Products with the knowledge and intent that third parties will use, sell, and/or offer for sale the Accused Products.

36.     Defendants contributed to infringement of the '950 patent under 35 U.S.C. § 271(c) by selling and/or offering for sale the Accused Products, knowing that the Accused Products constitute a material part of the design covered by the '950 patent, knowing that the Accused Products are especially made or adapted to infringe the '950 patent, and knowing that the Accused Products are not staple articles of commerce suitable for substantial non-infringing use.

37.     Defendants had actual knowledge of the '950 patent at least as early as August 17, 2021, when Breeo notified YardCraft of infringement by email.

38.     Defendants willfully infringes the '950 patent by continuing to make, offer to sell, and sell the Accused Products despite having actual knowledge of the '950 patent.

39.     The Accused Products infringe the '950 patent because the Accused Products include each and every feature of the claim of the '950 patent.

40.     For example, the below tables compare the Accused Products to the ornamental appearance of the design protected by the '950 patent:

| '950 Patent | The Forge™ Smokeless Fire Pit |
|---|---|
|  | |

| '950 Patent | The Hearth™ Smokeless Fire Pit |
|---|---|



41.     The Accused Products have an ornamental appearance that is substantially the same to the ornamental appearance of the design protected by the '950 patent.

42.     Consumers are likely to be confused into thinking that the Accused Products are the same design that is protected by the '950 patent.

43.     An ordinary observer who is familiar with prior art to the '950 patent would be deceived into thinking that the Accused Products were the same as the design that is protected by the '950 patent.

44.     Breeo has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '950 patent.

45.     Defendants' infringement of the '950 patent will continue unless this Court enjoins the infringement.

46.     Breeo has no adequate remedy at law.

47.     Under 35 U.S.C. §§ 284 or 289, Breeo is entitled to recover (i) damages adequate to compensate for Defendants' infringement or (ii) Defendants' total profit, but not less than $250.

48.     Defendants' infringement of the '950 patent has been, and continues to be, deliberate, willful, and knowing.

49.     The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Breeo to recover treble damages and attorneys' fees.

## COUNT II
## INFRINGEMENT OF THE '777 PATENT

50.     Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

51.     The '777 patent is valid and enforceable.

52.     Defendants infringed the '777 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Accused Products.

53.     Defendants induced infringement of the '777 patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally selling or otherwise supplying the Accused Products with the knowledge and intent that third parties will use, sell, and/or offer for sale the Accused Products.

54.     Defendants contributed to infringement of the '777 patent under 35 U.S.C. § 271(c) by selling and/or offering for sale the Accused Products, knowing that the Accused Products constitute a material part of the design covered by the '777 patent, knowing that the Accused Products are especially made or adapted to infringe the '777 patent, and knowing that the Accused Products are not staple articles of commerce suitable for substantial non-infringing use.

55.     On information and belief, Defendants had actual knowledge of the '777 patent at least as early as August 17, 2021, when Breeo notified YardCraft of infringement of the '950 patent by email.  Both the '777 and '950 are in the same patent, sharing a common parent application, No. 29/702,198, filed on August 16, 2019, now U.S. Patent No. D914,172.

56.     Defendants willfully infringes the '777 patent by continuing to make, offer to sell, and sell the Accused Products despite having actual knowledge of the '777 patent.

57.     The Accused Products infringe the '777 patent because the Accused Products include each and every feature of the claim of the '777 patent.

58.     For example, the below tables compare the Accused Products to the ornamental appearance of the design protected by the '777 patent:



| '777 Patent | The Forge™ Smokeless Fire Pit |
|---|---|
| FIG. 1 | *See* https://www.yardcraft.com/product/fire-pits/urban-fire-collection/the-forge-smokeless-fire-pit/ |

| '777 Patent | The Hearth™ Smokeless Fire Pit |
|---|---|
|  | |

59.     The Accused Products have an ornamental appearance that is substantially the same to the ornamental appearance of the design protected by the '777 patent.

60.     Consumers are likely to be confused into thinking that the Accused Products are the same design that is protected by the '777 patent.

61.     An ordinary observer who is familiar with prior art to the '777 patent would be deceived into thinking that the Accused Products were the same as the design that is protected by the '777 patent.

62.     Breeo has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '777 patent.

63.     Defendants' infringement of the '777 patent will continue unless this Court enjoins the infringement.

64.     Breeo has no adequate remedy at law.

65.     Under 35 U.S.C. §§ 284 or 289, Breeo is entitled to recover (i) damages adequate to compensate for Defendants' infringement or (ii) Defendants' total profit, but not less than $250.

66.     Defendants' infringement of the '777 patent has been, and continues to be, deliberate, willful, and knowing.

67.     The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Breeo to recover treble damages and attorneys' fees.

<u>**COUNT III**</u>
<u>**INFRINGEMENT OF THE '193 PATENT**</u>

68.     Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

69.     The '193 patent is valid and enforceable.

70.     Defendants infringed the '193 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling The Forge™ Smokeless Fire Pit.

71.     Defendants induced infringement of the '193 patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally selling or otherwise supplying The Forge™ Smokeless Fire Pit with the knowledge and intent that third parties will use, sell, and/or offer for sale The Forge™ Smokeless Fire Pit.

72.     Defendants contributed to infringement of the '193 patent under 35 U.S.C. § 271(c) by selling and/or offering for sale The Forge™ Smokeless Fire Pit, knowing that The Forge™ Smokeless Fire Pit constitute a material part of the design covered by the '193 patent, knowing that The Forge™ Smokeless Fire Pit is especially made or adapted to infringe the '193 patent, and knowing that The Forge™ Smokeless Fire Pit is not staple articles of commerce suitable for substantial non-infringing use.

73.     On information and belief, Defendants had actual knowledge of the '193 patent at or around its issuance on June 28, 2022, in view of prior correspondence between Breeo and YardCraft concerning related patents owned by Breeo.  On information and belief, YardCraft employs in-house and/or outside intellectual property counsel that is aware of and likely monitors Breeo's pending and issued patent applications.

74.     Defendants willfully infringes the '193 patent by continuing to make, offer to sell, and sell The Forge™ Smokeless Fire Pit despite having actual knowledge of the '193 patent.

75.     The Forge™ Smokeless Fire Pit infringes the '193 patent because The Forge™ Smokeless Fire Pit includes each and every feature of the claim of the '193 patent.

76.     For example, the below table compares The Forge™ Smokeless Fire Pit to the ornamental appearance of the design protected by the '193 patent:



| '193 Patent | The Forge™ Smokeless Fire Pit |
|---|---|

77.     The Forge™ Smokeless Fire Pit has an ornamental appearance that is substantially the same to the ornamental appearance of the design protected by the '193 patent.

78.     Consumers are likely to be confused into thinking that The Forge™ Smokeless Fire Pit is the same design that is protected by the '193 patent.

79.     An ordinary observer who is familiar with prior art to the '193 patent would be deceived into thinking that The Forge™ Smokeless Fire Pit was the same as the design that is protected by the '193 patent.

80.     Breeo has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '193 patent.

81.     Defendants' infringement of the '193 patent will continue unless this Court enjoins the infringement.

82.     Breeo has no adequate remedy at law.

83.     Under 35 U.S.C. §§ 284 or 289, Breeo is entitled to recover (i) damages adequate to compensate for Defendants' infringement or (ii) Defendants' total profit, but not less than $250.

84.     Defendants' infringement of the '193 patent has been, and continues to be, deliberate, willful, and knowing.

85.     The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Breeo to recover treble damages and attorneys' fees.

## COUNT IV
## INFRINGEMENT OF THE '153 PATENT

86.     Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

87.     The '153 patent is valid and enforceable.

88.     Defendants infringed the '153 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Accused Products.

89.     Defendants induced infringement of the '153 patent under 35 U.S.C. § 271(b) by actively, knowingly, and intentionally selling or otherwise supplying the Accused Products with the knowledge and intent that third parties will use, sell, and/or offer for sale the Accused Products.

90.     Defendants contributed to infringement of the '153 patent under 35 U.S.C. § 271(c) by selling and/or offering for sale the Accused Products, knowing that the Accused Products constitute a material part of the invention covered by the '153 patent, knowing that the Accused Products are especially made or adapted to infringe the '153 patent, and knowing that the Accused Products are not staple articles of commerce suitable for substantial non-infringing use.

91.     Defendants had actual knowledge of the '153 patent at least as early as April 7, 2022, when Breeo notified YardCraft of infringement by letter.

92.     Defendants willfully infringe the '153 patent by continuing to make, offer to sell, and sell the Accused Products despite having actual knowledge of the '153 patent.

93.     The Accused Products infringe at least claims 11-20 of the '153 patent because the Accused Products include each and every limitation of claims 11-20 of the '153 patent.

94.     Detailed claim charts comparing the Accused Products to claims 11–20 of the '153 patent are attached as Exhibits E and F.

95.     Breeo has been and continues to be damaged and irreparably harmed by Defendants' infringement of the '153 patent.

96.     Defendants' infringement of the '153 patent will continue unless this Court enjoins the infringement.

97.     Breeo has no adequate remedy at law.

98.     Under 35 U.S.C. § 284, Breeo is entitled to recover damages adequate to compensate for Defendants' infringement.

99.     Defendants' infringement of the '153 patent has been, and continues to be, deliberate, willful, and knowing.

100.    The Court should declare this an exceptional case under 35 § U.S.C. 285, entitling Breeo to recover treble damages and attorneys' fees.

101.    Pursuant to 35 U.S.C. § 287, the filing of this action constitutes further notice to Defendants of their infringement of the '153 patent.

## COUNT V
## UNFAIR COMPETITION UNDER THE LANHAM ACT

102.    Breeo incorporates by reference the preceding paragraphs as if fully set forth herein.

103.    The design of Defendants' "Hearth" and "Forge" firepits are confusingly similar to the Breeo's X Series Products in commerce and constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) in that it is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants' products with Breeo's products and/or as to the origin, sponsorship, or approval by Breeo of the Defendants' products.

104.    The visual appearance of Breeo's X Series Products trade dress has a unique "look and feel" comprised of distinctive characteristics, including, but not limited to an arrangement of rectangular, hollow legs which cover the exterior of a circular shaped fire pit and extends to the top of the fire pit; a top flange that covers the top edge of the circular fire pit, and Breeo's distinctive "X-shaped" elevated, covered air inlets at the bottom of the firepit. These distinct characteristics have come to identify Breeo's X Series Products and their source and therefore serve as protectable trade dress. The X Series Products trade dress is non-functional, ornamental, and inherently distinctive or has acquired distinction within the meaning of the Lanham Act.

105.    Consumers had come to associate the distinctive aesthetic design of the X Series Products with Breeo.

106.    Breeo's X Series Products aesthetic design have become an asset of substantial value as a symbol of Breeo's high quality product and its goodwill.

107.    Through its promotional efforts, business conduct, and continuous use of the X Series design and trade dress, Breeo has developed customers throughout the United States.

108.    Breeo and Defendants offer their respective products to the same relevant customer base in the same geographic locations.

109.    Consumers are purchasing and are likely to continue to purchase the "Hearth" and the "Forge" under the mistaken belief that the "Hearth" or "Forge" is a Breeo X Series Product or emanates from Breeo, causing a loss of goodwill and profits to Breeo, unjustly enriching the Defendants, damaging the reputation of genuine Breeo X Series Products, and injuring the public by causing confusion, mistake and/or deception.

110.    The acts of Defendants discussed above constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

111.    As a direct and proximate result of Defendants' wrongful actions discussed above, Breeo has been damaged and has suffered and will continue to suffer, immediate and irreparable harm.

112.    Pursuant to 15 U.S.C. § 1116(a), Breeo is entitled to a preliminary and permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in the conduct described herein that violates the Lanham Act.

113.    Pursuant to 15 U.S.C. § 1117(a), Breo is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of their violation of the Lanham Act in an amount to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Breeo respectfully requests that the Court grant the relief requested in the following Prayer for Relief:

a)    That Defendants be adjudged to have infringed the patents-in-suit;

b)    That Defendants be adjudged to have engaged in willful infringement of the patents-in-suit;

c)    That Breeo be awarded damages for infringement of the patents-in-suit, including damages adequate to compensate Breeo for Defendants' past infringement of the patents-in-suit, including lost profits, Defendants' total profits (but not less than $250), a reasonable royalty, or other monetary relief available under 35 U.S.C. §§ 284 and/or 289 and for any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those not presented at trial (35 U.S.C. §§ 284 and 289);

d)    That this case be declared an exceptional case under 35 U.S.C. § 285;

e)    That Breeo's damages be trebled pursuant to 35 U.S.C. § 284;

f)    That Breeo be awarded its attorneys' fees and costs pursuant to 35 U.S.C. § 285;

g)    That Defendants be adjudged to have willfully infringed the trade dress of the patents-in-suit;

h)    That this Court permanently enjoin Defendants, their officers, directors, principals, agents, servants, employees, successors, assigns, affiliates, and all that are in active concert or

participation with Defendants, or any of them, from further infringement of the patents-in-suit and that Defendants be permanently enjoined from infringing the patents-in-suit and from making, using, selling, offering to sell, or distributing Defendants' infringing products;

 i) That Breeo be awarded pre- and post-judgment interest on all damages;

 j) That Breeo be awarded all its costs and expenses in this action; and

 k) That Breeo be awarded such further and other relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Breeo respectfully demands a jury trial pursuant to Fed. R. Civ. P. 38 on all issues so triable.

Dated: May 10, 2023     Respectfully Submitted,

         BARLEY SNYDER

         By: */s/ Matthew M. Hennesy*
          Matthew M. Hennesy, Esquire
          Court ID No. 307020
          Joseph R. Falcon, Esquire
          Court ID No. 94658
          126 East King Street
          Lancaster, PA 17602-2893
          717-399-1579
          MHennesy@barley.com
          Attorneys for Plaintiff Breeo LLC

         ROBERT FREDERICKSON III (to seek admission *pro hac vice*)
         rfrederickson@goodwinlaw.com
         **GOODWIN PROCTER LLP**
         100 Northern Avenue
         Boston, MA 02210
         Tel.: +1 (617) 570 1000
         Fax: +1 (617) 523 1231