**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BREEO LLC, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 5:23-cv-01801-JMG |
| v. | : | |
| | : | JUDGE JOHN M. GALLAGHER |
| YARDCRAFT LLC and | : | |
| URBAN FIRE LLC, | : | |
| Defendants. | : | |

**DEFENDANTS YARDCRAFT LLC AND URBAN FIRE LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF BREEO LLC'S COMPLAINT**

Defendants, YardCraft LLC ("YardCraft") and Urban Fire LLC ("Urban Fire"), by and through their undersigned counsel, hereby file their Answer, Affirmative Defenses, and Counterclaims to Plaintiff Breeo LLC's ("Breeo") Complaint.

## NATURE OF THE ACTION

1. Defendants admit that paragraph 1 of the Complaint alleges claims of patent infringement and unfair competition under the Lanham Act. Defendants deny the remaining allegations of paragraph 1 of the Complaint.

## THE PARTIES

2. Upon information and belief, Defendants admit the allegations in paragraph 2 of the Complaint.

3. Defendants admit that YardCraft is a Pennsylvania limited liability company. Defendants deny the remaining allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendants admit that the Complaint asserts claims for patent infringement. Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6. Defendants admit the allegations in paragraph 6 of the Complaint.

7. Defendants admit that they are organized under the laws of the Commonwealth of Pennsylvania and regularly conduct business in this jurisdiction. Defendants deny the remaining allegations in paragraph 7 of the Complaint.

8. Defendants admit that they are organized under the laws of the Commonwealth of Pennsylvania and regularly conduct business in this jurisdiction. Defendants deny the remaining allegations in paragraph 8 of the Complaint.

## BACKGROUND

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and therefore deny them.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and therefore deny them.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore deny them.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore deny them.

13. Defendants deny the allegations in paragraph 13 of the Complaint.

14. Defendants deny that the X Series smokeless fire pits have become inherently distinctive to consumers. Defendants are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 14 of the Complaint, and therefore deny them.

15. Defendants deny that any of their smokeless fire pit products infringe the patents-in-suit or any other intellectual property rights. Defendants admit that YardCraft and Urban Fire sell smokeless fire pit products. Defendants admit that Urban Fire's website states that "Urban Fire is a YardCraft brand." Defendants admit that visitors to Urban Fire's website are directed toward YardCraft to purchase fire pit products online. Defendants deny the remaining allegations in paragraph 15 of the Complaint.

16. Defendants deny that any of their products, including without limitation The Forge™ Smokeless Fire Pit, infringe any of Plaintiff's patents or other intellectual property rights. Defendants admit that YardCraft received an email dated August 17, 2021 from attorney Fred H. Zollinger III and correspondence dated April 8, 2022 from attorney Robert Fredrickson III. Defendants admit that this email and correspondence included allegations that The Forge™ Smokeless Fire Pit infringed certain patent rights and demanded that YardCraft cease and desist from continued marketing and sales of The Forge™ Smokeless Fire Pit. Defendants deny the remaining allegations in paragraph 16 of the Complaint.

17. Defendants admit that YardCraft advised Breeo that changes had been made to its fire pits. Defendants admit that they have not provided Breeo any evidence of the changes made to its fire pits, nor did Defendants have any obligation to do so. Defendants admit that YardCraft markets and sells its products through its website and that these products are also listed on Lowe's website. Defendants deny the remaining allegations in paragraph 17 of the Complaint.

18. Defendants admit that Urban Fire sells The Hearth™ and The Forge™ smokeless fire pits through its website. Defendants deny the remaining allegations in paragraph 18 of the Complaint.

**THE PATENTS-IN-SUIT**

19. Defendants repeat and reallege their responses to each of the preceding paragraphs above as if fully set forth herein.

20. Defendants admit that the ‘950 patent, titled “Fire Pit,” was issued by the PTO on August 3, 2021, and that a document purporting to be a copy of the ‘950 patent is attached as Exhibit A to the Complaint. Defendants deny the remaining allegations in paragraph 20 of the Complaint.

21. Defendants admit that the ‘777 patent titled “Fire Pit,” was issued by the PTO on May 18, 2021, and that a document purporting to be a copy of the ‘777 patent is attached as Exhibit B to the Complaint. Defendants deny the remaining allegations in paragraph 21 of the Complaint.

22. Defendants admit that the ‘193 patent titled “Fire Pit,” was issued by the PTO on June 28, 2022, and that a document purporting to be a copy of the ‘193 patent is attached as Exhibit C to the Complaint. Defendants deny the remaining allegations in paragraph 22 of the Complaint.

23. Defendants admit that the ‘153 patent titled “Outdoor Fire Pit and Post Holder,” was issued by the PTO on March 22, 2022, and that a document purporting to be a copy of the ‘153 patent is attached as Exhibit D to the Complaint. Defendants deny the remaining allegations in paragraph 23 of the Complaint.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint, and therefore deny them.

25. Defendants admit that the face of the '950 patent includes one of the five figures included in the '950 patent. Defendants deny the remaining allegations set forth in paragraph 25 of the Complaint.

26. Defendants admit that the face of the '777 patent includes one of the ten figures included in the '777 patent. Defendants deny the remaining allegations set forth in paragraph 26 of the Complaint.

27. Defendants admit that the face of the '193 patent includes one of the four figures included in the '193 patent. Defendants deny the remaining allegations set forth in paragraph 27 of the Complaint.

28. Defendants admit that the allegations of paragraph 28 of the Complaint purport to characterize the contents of the '153 patent and refer to the '153 patent for a complete and accurate statement of its contents. Defendants deny the remaining allegations set forth in paragraph 28 of the Complaint.

29. Defendants admit that the allegations of paragraph 29 of the Complaint purport to characterize the contents of the '153 patent and refer to the '153 patent for a complete and accurate statement of its contents. Defendants deny the remaining allegations set forth in paragraph 29 of the Complaint.

30. Defendants admit that the allegations of paragraph 30 of the Complaint purport to characterize the contents of the '153 patent and refer to the '153 patent for a complete and accurate statement of its contents. Defendants deny the remaining allegations set forth in paragraph 30 of the Complaint.

31. Defendants admit that the allegations of paragraph 31 of the Complaint purport to be claim 11 of the ‘153 patent and refer to the ‘153 patent for a complete and accurate statement of claim 11. Defendants deny the remaining allegations set forth in paragraph 31 of the Complaint.

**COUNT I**
**INFRINGEMENT OF THE ‘950 PATENT**

32. Defendants repeat and reallege their responses to each of the preceding paragraphs above as if fully set forth herein.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants deny the allegations in paragraph 35 of the Complaint.

36. Defendants deny the allegations in paragraph 36 of the Complaint.

37. Defendants admit that counsel for Breeo, Fred H. Zollinger, III, sent an email to counsel for YardCraft on August 17, 2021 that included allegations of infringement of U.S. Patent No. D 926,950. Defendants deny the remaining allegations in paragraph 37 of the Complaint.

38. Defendants deny the allegations in paragraph 38 of the Complaint.

39. Defendants deny the allegations in paragraph 39 of the Complaint.

40. Defendants admit that the allegations in paragraph 40 of the Complaint purport to include a comparison of the ornamental appearance of the ‘950 patent to The Forge™ Smokeless Fire Pit and to The Hearth™ Smokeless Fire Pit. Defendants deny the remaining allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations in paragraph 41 of the Complaint.

42. Defendants deny the allegations in paragraph 42 of the Complaint.

43. Defendants deny the allegations in paragraph 43 of the Complaint.

44. Defendants deny the allegations in paragraph 44 of the Complaint.

45. Defendants deny the allegations in paragraph 45 of the Complaint.

46. Defendants deny the allegations in paragraph 46 of the Complaint.

47. Defendants deny the allegations in paragraph 47 of the Complaint.

48. Defendants deny the allegations in paragraph 48 of the Complaint.

49. Defendants deny the allegations in paragraph 49 of the Complaint.

## COUNT II
## INFRINGEMENT OF THE ’777 PATENT

50. Defendants repeat and reallege their responses to each of the preceding paragraphs above as if fully set forth herein.

51. Defendants deny the allegations in paragraph 51 of the Complaint.

52. Defendants deny the allegations in paragraph 52 of the Complaint.

53. Defendants deny the allegations in paragraph 53 of the Complaint.

54. Defendants deny the allegations in paragraph 54 of the Complaint.

55. Defendants admit that the ‘777 patent and the ‘950 patent share a common patent application. Defendants deny the remaining allegations in paragraph 55 of the Complaint.

56. Defendants deny the allegations in paragraph 56 of the Complaint.

57. Defendants deny the allegations in paragraph 57 of the Complaint.

58. Defendants admit that the allegations in paragraph 58 of the Complaint purport to include a comparison of the ornamental appearance of the ‘777 patent to The Forge™ Smokeless Fire Pit and to The Hearth™ Smokeless Fire Pit. Defendants deny the remaining allegations set forth in paragraph 58 of the Complaint.

59. Defendants deny the allegations in paragraph 59 of the Complaint.

60. Defendants deny the allegations in paragraph 60 of the Complaint.

61. Defendants deny the allegations in paragraph 61 of the Complaint.

62. Defendants deny the allegations in paragraph 62 of the Complaint.

63. Defendants deny the allegations in paragraph 63 of the Complaint.

64. Defendants deny the allegations in paragraph 64 of the Complaint.

65. Defendants deny the allegations in paragraph 65 of the Complaint.

66. Defendants deny the allegations in paragraph 66 of the Complaint.

67. Defendants deny the allegations in paragraph 67 of the Complaint.

## COUNT III
## INFRINGEMENT OF THE '193 PATENT

68. Defendants repeat and reallege their responses to each of the preceding paragraphs above as if fully set forth herein.

69. Defendants deny the allegations in paragraph 69 of the Complaint.

70. Defendants deny the allegations in paragraph 70 of the Complaint.

71. Defendants deny the allegations in paragraph 71 of the Complaint.

72. Defendants deny the allegations in paragraph 72 of the Complaint.

73. Defendants deny the allegations in paragraph 73 of the Complaint.

74. Defendants deny the allegations in paragraph 74 of the Complaint.

75. Defendants deny the allegations in paragraph 75 of the Complaint.

76. Defendants admit that the allegations in paragraph 76 of the Complaint purport to include a comparison of the ornamental appearance of the '193 patent to The Forge™ Smokeless Fire Pit. Defendants deny the remaining allegations set forth in paragraph 76 of the Complaint.

77. Defendants deny the allegations in paragraph 77 of the Complaint.

78. Defendants deny the allegations in paragraph 78 of the Complaint.

79. Defendants deny the allegations in paragraph 79 of the Complaint.

80. Defendants deny the allegations in paragraph 80 of the Complaint.

81. Defendants deny the allegations in paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint.

83. Defendants deny the allegations in paragraph 83 of the Complaint.

84. Defendants deny the allegations in paragraph 84 of the Complaint.

85. Defendants deny the allegations in paragraph 85 of the Complaint.

**COUNT IV**
**INFRINGEMENT OF THE '153 PATENT**

86. Defendants repeat and reallege their responses to each of the preceding paragraphs above as if fully set forth herein.

87. Defendants deny the allegations in paragraph 87 of the Complaint.

88. Defendants deny the allegations in paragraph 88 of the Complaint.

89. Defendants deny the allegations in paragraph 89 of the Complaint.

90. Defendants deny the allegations in paragraph 90 of the Complaint.

91. Defendants admit that YardCraft received correspondence dated April 8, 2022 from counsel for Breeo that included an allegation of infringement of U.S. Patent No. 11,278,153. Defendants deny the remaining allegations in paragraph 91 of the Complaint.

92. Defendants deny the allegations in paragraph 92 of the Complaint.

93. Defendants deny the allegations in paragraph 93 of the Complaint.

94. Defendants admit that Exhibits E and F attached to the Complaint purport to be claim charts. Defendants deny that any of their products infringe upon the '153 patent. Defendants deny the remaining allegations in paragraph 94 of the Complaint.

95. Defendants deny the allegations in paragraph 95 of the Complaint.

96. Defendants deny the allegations in paragraph 96 of the Complaint.

97. Defendants deny the allegations in paragraph 97 of the Complaint.

98. Defendants deny the allegations in paragraph 98 of the Complaint.

99. Defendants deny the allegations in paragraph 99 of the Complaint.

100. Defendants deny the allegations in paragraph 100 of the Complaint.

101. Defendants deny the allegations in paragraph 101 of the Complaint.

## COUNT V
## UNFAIR COMPETITION UNDER THE LANHAM ACT

102. Defendants repeat and reallege their responses to each of the preceding paragraphs above as if fully set forth herein.

103. Defendants deny the allegations in paragraph 103 of the Complaint.

104. Defendants deny the allegations in paragraph 104 of the Complaint.

105. Defendants deny the allegations in paragraph 105 of the Complaint.

106. Defendants deny the allegations in paragraph 106 of the Complaint.

107. Defendants deny the allegations in paragraph 107 of the Complaint.

108. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Complaint, and therefore deny them.

109. Defendants deny the allegations in paragraph 109 of the Complaint.

110. Defendants deny the allegations in paragraph 110 of the Complaint.

111. Defendants deny the allegations in paragraph 111 of the Complaint.

112. Defendants deny the allegations in paragraph 112 of the Complaint.

113. Defendants deny the allegations in paragraph 113 of the Complaint.

**AFFIRMATIVE DEFENSES**

YardCraft and Urban Fire incorporate by reference the preceding paragraphs of their Answer as if fully set forth herein. YardCraft and Urban Fire presently assert the following affirmative and other defenses to the Complaint without prejudice to the denials in their Answer and without admitting any of the allegations set forth in the Complaint not otherwise admitted. YardCraft and Urban Fire do not concede that they bear the burden of proof or persuasion on any of these defenses. YardCraft and Urban Fire expressly reserve the right to assert additional defenses revealed through discovery or further investigation demonstrates that any such defense is appropriate or applicable. Headings are included for convenience only and do not limit YardCraft's and Urban Fire's defenses.

**FIRST AFFIRMATIVE DEFENSE**

The complaint fails to state a claim upon which relief can be granted and/or fails to plead the allegations with sufficient particularity.

**SECOND AFFIRMATIVE DEFENSE**

The claims of the '950 Patent, '777 Patent, '193 Patent, and '153 Patent are invalid for failure to comply with the statutory requirements for valid patents, namely Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

The trade dress asserted by Plaintiff is invalid and unenforceable.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any cognizable harm and/or damages.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from bringing the claims asserted in this action and recovering any damages by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is obligated under the law to mitigate its damages and has failed to do so.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendants did not, and do not, infringe Plaintiff's trade dress as claimed by Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Defendants did not, and do not, infringe Plaintiff's patents as claimed by Plaintiff.

**NINETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrines of estoppel, acquiescence, and/or waiver.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff has no valid, protectable trade dress or origin-identifiers in which Plaintiff enjoys any rights that may be asserted against Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**

The unfair competition claims made in the Complaint, and the relief sought therein, are barred, in whole or in part, on the basis that the alleged trade dress at issue, and the use of said trade dress, is functional.

**TWELFTH AFFIRMATIVE DEFENSE**

The unfair competition claims made in the Complaint, and the relief sought therein, are barred, in whole or in part, on the basis that the trade dress at issue lacks distinctiveness, including, without limitation, secondary meaning.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The unfair competition claims made in the Complaint, and the relief sought therein, are barred, in whole or in part, on the basis that the alleged trade dress at issue is generic.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The unfair competition claims fail because the accused products are properly and sufficiently branded such that there is no consumer confusion, nor could there be any consumer confusion.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for injunctive relief are barred because Plaintiff has not suffered any irreparable harm from Defendants' actions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As a result of Plaintiff's actions, Plaintiff is not entitled to equitable relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for enhanced damages and an award of fees and costs against Defendants have no basis in fact or law and should be denied.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Without admitting that the Complaint states a claim, there has been no damage in any amount or manner to Plaintiff by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**NINETEENTH AFFIRMATIVE DEFENSE**

The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to seek equitable relief.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by laches.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants YardCraft and Urban Fire request a trial by jury on all issues so triable in this action.

**PRAYER FOR RELIEF**

To the extent that a response is required to Plaintiff's Prayer for Relief, YardCraft and Urban Fire deny each allegation contained in the Prayer for Relief and all paragraphs therein and deny that Plaintiff is entitled to any relief.

**COUNTERCLAIMS OF YARDCRAFT LLC AND URBAN FIRE LLC AGAINST COUNTERCLAIM DEFENDANT BREEO LLC**

Pursuant to Federal Rule of Civil Procedure 13, Counterclaim Plaintiffs YardCraft LLC ("YardCraft") and Urban Fire LLC ("Urban Fire"), by and through their counsel below, hereby assert the following Counterclaims against Counterclaim Defendant, Breeo LLC ("Breeo"), as follows:

**THE PARTIES**

1. YardCraft is a limited liability corporation existing under the laws of Pennsylvania, with a principal address at 271 South Shirk Road, New Holland, PA 17557.

2. Urban Fire is a limited liability corporation existing under the laws of Pennsylvania, with a principal address at 271 South Shirk Road, New Holland, PA 17557.

3. On information and belief, Breeo is a limited liability corporation existing under the laws of Pennsylvania, with a principal address at 5002 Lincoln Highway, Kinzers, PA 17535.

**JURISDICTION AND VENUE**

4. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.

5. This Court has personal jurisdiction over Breeo based on Breeo bringing the instant suit, and that Breeo regularly conducts business in this state.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(a), and by Breeo's choice of forum.

**NATURE OF THE ACTION**

7. This is an action for a declaratory judgment brought pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq. for patent non-infringement of U.S. Patent No. D926,950 ("the '950 patent"), U.S. Patent No. D919,777 ("the '777 patent"), U.S. Patent No. D956,193 ("the '193 patent"), and U.S. Patent No. 11,278,153 ("the '153 patent") (collectively the "patents-in-suit"), and for a declaratory judgment of no unfair competition.

8. In the Complaint, Breeo alleges that YardCraft and Urban Fire have infringed upon the patents-in-suit and committed acts of unfair competition under the Lanham Act by making, using, offering for sale, selling, and/or importing into the United States The Forge™ Smokeless Fire Pit and The Hearth™ Smokeless Fire Pit.

9. YardCraft and Urban Fire deny that they are infringing any valid and enforceable claim of the patents-in-suit. YardCraft and Urban Fire also deny that any of their actions constitute unfair competition under the Lanham Act.

10. Consequently, an immediate, real, and justiciable controversy exists between YardCraft and Urban Fire and Breeo concerning the patents-in-suit and alleged unfair competition, which requires a declaration of rights from this Court.

**FIRST COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the '950 Patent**

11. Counterclaim Plaintiffs incorporate by reference the proceeding paragraphs of the Counterclaims as if fully set forth herein.

12. Breeo's Complaint alleges that YardCraft and Urban Fire "infringed the '950 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Accused Products." Complaint at ¶ 34.

13. Breeo's Complaint defines "Accused Products" as being The Forge™ Smokeless Fire Pit and The Hearth™ Smokeless Fire Pit, which are marketed and sold by YardCraft and Urban Fire. Complaint at ¶ 16.

14. YardCraft and Urban Fire have not, directly or indirectly, infringed, contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '950 patent.

15. YardCraft and Urban Fire have not infringed any claim of the '950 patent, either literally or under the doctrine of equivalents.

16. An ordinary observer would find that the design of The Forge™ Smokeless Fire Pit is distinct from and is not substantially the same as the asserted '950 patent, at least because The Forge™ Smokeless Fire Pit uses a visually distinctive top ring with a channel that is distinctively located to partially cover the upper portions of all four legs, the top ring includes cut-outs that form the visually distinctive trademark "THE FORGE" and the visually distinctive

Urban Fire logo, and has four hollow legs that include a cut-out that forms the visually distinctive trademark “THE FORGE” near the bottom of each of the legs.

17. An ordinary observer would find that the design of The Hearth™ Smokeless Fire Pit is distinct from and is not substantially the same as the asserted ‘950 patent, at least because The Hearth™ Smokeless Fire Pit uses a visually distinctive top ring with a two-level profile that is distinctively located to partially cover the upper portions of all four legs, the top ring includes cut-outs that form the visually distinctive trademark “THE HEARTH” and the visually distinctive Urban Fire logo, has one hollow leg that includes a cut-out that forms the visually distinctive trademark “THE HEARTH” near the bottom of the leg, and has two hollow legs that include a cut-out that forms the visually distinctive Urban Fire logo near the bottom of each of the legs.

18. Based on the foregoing, Breeo’s filing of this suit, and YardCraft’s and Urban Fire’s Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim Plaintiffs and Breeo as to whether YardCraft and Urban Fire have infringed upon Breeo’s alleged rights under the ‘950 patent.

19. YardCraft and Urban Fire are entitled to a judgment from this Court finding that the ‘950 patent was not infringed by YardCraft or Urban Fire, either literally or under the doctrine of equivalents, and that YardCraft and Urban Fire have not contributed to or induced infringement by another.

**SECOND COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the ‘777 Patent**

20. Counterclaim Plaintiffs incorporate by reference the proceeding paragraphs of the Counterclaims as if fully set forth herein.

21. Breeo's Complaint alleges that YardCraft and Urban Fire "infringed the '777 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Accused Products." Complaint at ¶ 52.

22. Breeo's Complaint defines "Accused Products" as being The Forge™ Smokeless Fire Pit and The Hearth™ Smokeless Fire Pit, which are marketed and sold by YardCraft and Urban Fire. Complaint at ¶ 16.

23. YardCraft and Urban Fire have not, directly or indirectly, infringed, contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '777 patent.

24. YardCraft and Urban Fire have not infringed any claim of the '777 patent, either literally or under the doctrine of equivalents.

25. An ordinary observer would find that the design of The Forge™ Smokeless Fire Pit is distinct from and is not substantially the same as the asserted '777 patent, at least because The Forge™ Smokeless Fire Pit uses a visually distinctive top ring with a channel that is distinctively located to partially cover the upper portions of all four legs, the top ring includes cut-outs that form the visually distinctive trademark "THE FORGE" and the visually distinctive Urban Fire logo, and has four hollow legs that includes cut-outs that form the visually distinctive trademark "THE FORGE" near the bottom of each of the legs.

26. An ordinary observer would find that the design of The Hearth™ Smokeless Fire Pit is distinct from and is not substantially the same as the asserted '777 patent, at least because The Hearth™ Smokeless Fire Pit uses a visually distinctive top ring with a two-level profile that is distinctively located to partially cover the upper portions of all four legs, the top ring includes cut-outs that form the visually distinctive trademark "THE HEARTH" and the visually

distinctive Urban Fire logo, has one hollow leg that includes a cut-out that forms the visually distinctive trademark "THE HEARTH" near the bottom of the leg, and has two hollow legs that include a cut-out that forms the visually distinctive Urban Fire logo near the bottom of each of the legs.

27. Based on the foregoing, Breeo's filing of this suit, and YardCraft's and Urban Fire's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim Plaintiffs and Breeo as to whether YardCraft and Urban Fire have infringed upon Breeo's alleged rights under the '777 patent.

28. YardCraft and Urban Fire are entitled to a judgment from this Court finding that the '777 patent was not infringed by YardCraft or Urban Fire, either literally or under the doctrine of equivalents, and that YardCraft and Urban Fire have not contributed to or induced infringement by another.

**THIRD COUNTERCLAIM**
**Declaratory Judgment of Non-Infringement of the '193 Patent**

29. Counterclaim Plaintiffs incorporate by reference the proceeding paragraphs of the Counterclaims as if fully set forth herein.

30. Breeo's Complaint alleges that YardCraft and Urban Fire "infringed the '193 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling The Forge™ Smokeless Fire Pit." Complaint at ¶ 70.

31. YardCraft and Urban Fire have not, directly or indirectly, infringed, contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '193 patent.

32. YardCraft and Urban Fire have not infringed any claim of the '193 patent, either literally or under the doctrine of equivalents.

33. An ordinary observer would find that the design of The Forge™ Smokeless Fire Pit is distinct from and is not substantially the same as the asserted '193 patent, at least because The Forge™ Smokeless Fire Pit uses four visually distinctive air channels attached to the inside bottom of the fire pit, that each air channel has two lengthwise visually distinctive vents cut out of the sides that extend horizontally from the top of each air channel, where each air channel extends from within the inside portion of a leg, and where none of the four the air channels come in contact with one another in the middle of the bottom of the fire pit thereby leaving a visually distinctive open portion in the center of the inside bottom of the fire pit.

34. Based on the foregoing, Breeo's filing of this suit, and YardCraft's and Urban Fire's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim Plaintiffs and Breeo as to whether YardCraft and Urban Fire have infringed upon Breeo's alleged rights under the '193 patent.

35. YardCraft and Urban Fire are entitled to a judgment from this Court finding that the '193 patent was not infringed by YardCraft or Urban Fire, either literally or under the doctrine of equivalents, and that YardCraft and Urban Fire have not contributed to or induced infringement by another.

## FOURTH COUNTERCLAIM
## Declaratory Judgment of Non-Infringement of the '153 Patent

36. Counterclaim Plaintiffs incorporate by reference the proceeding paragraphs of the Counterclaims as if fully set forth herein.

37. Breeo's Complaint alleges that YardCraft and Urban Fire "infringed the '153 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, offering to sell, and selling the Accused Products." Complaint at ¶ 88.

38. Breeo's Complaint defines "Accused Products" as being The Forge™ Smokeless Fire Pit and The Hearth™ Smokeless Fire Pit, which are marketed and sold by YardCraft and Urban Fire. Complaint at ¶ 16.

39. YardCraft and Urban Fire have not, directly or indirectly, infringed, contributed to infringement by another, or actively induced others to infringe any valid or enforceable claim of the '153 patent.

40. YardCraft and Urban Fire have not infringed any claim of the '153 patent, either literally or under the doctrine of equivalents.

41. Breeo's Complaint alleges that the "Accused Products infringe at least claims 11-20 of the '153 patent because the Accused Products include each and every limitation of claims 11-20 of the '153 patent." Complaint at ¶ 93.

42. Independent claim 11 of the '153 patent is not infringed, literally or under the doctrine of equivalents, at least because the Accused Products do not meet the limitation that "each of the air inlet arms having a top portion that defines spaced-apart, discrete air inlets for the fire box along the air inlet arm between the first and second ends" and this limitation was amended during prosecution to overcome a substantive rejection based on prior art reference U.S. Patent No. 6,626,090 to McLemore.

43. Claim 11 is the only independent claim currently being asserted, with currently asserted claims 12-20 depending directly or indirectly from claim 11. Because independent claim 11 is not infringed, as described above, as a matter of law there is no infringement of dependent claims 12-20.

44. Based on the foregoing, Breeo's filing of this suit, and YardCraft's and Urban Fire's Answer, an actual justiciable case or controversy has arisen and now exists between

Counterclaim Plaintiffs and Breeo as to whether YardCraft and Urban Fire have infringed upon Breeo's alleged rights under the '153 patent.

45. YardCraft and Urban Fire are entitled to a judgment from this Court finding that the '153 patent was not infringed by YardCraft or Urban Fire, either literally or under the doctrine of equivalents, and that YardCraft and Urban Fire have not contributed to or induced infringement by another.

**FIFTH COUNTERCLAIM**
**Declaratory Judgment of No Unfair Competition under the Lanham Act**

46. Counterclaim Plaintiffs incorporate by reference the proceeding paragraphs of the Counterclaims as if fully set forth herein.

47. Breeo's Complaint alleges that the designs of the Accused Products "are confusingly similar to Breeo's X Series Products in commerce and constitutes unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A)". Complaint at ¶ 103.

48. Breeo's Complaint defines "Accused Products" as being The Forge™ Smokeless Fire Pit and The Hearth™ Smokeless Fire Pit, which are marketed and sold by YardCraft and Urban Fire. Complaint at ¶ 16.

49. YardCraft and Urban Fire have not engaged in any unfair competition or false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A) through the marketing and sales of the Accused Products.

50. There is no likelihood of confusion between the visual appearance of Breeo's X Series Products alleged trade dress and the visual appearance of The Forge™ Smokeless Fire Pit, at least because The Forge™ Smokeless Fire Pit uses a visually distinctive top ring with a channel that is distinctively located to partially cover the upper portions of all four legs, the top ring includes cut-outs that form the visually distinctive trademark "THE FORGE" and the

visually distinctive Urban Fire logo, has four hollow legs that include cut-outs that form the visually distinctive trademark “THE FORGE” near the bottom of each of the legs, , uses four visually distinctive air channels attached to the inside bottom of the fire pit, that each air channel has two lengthwise visually distinctive vents cut out of the sides that extend horizontally from the top of each air channel, where each air channel extends from within the inside portion of a leg, and where none of the four the air channels come in contact with one another in the middle of the bottom of the fire pit thereby leaving a visually distinctive open portion in the center of the inside bottom of the fire pit.

51. There is no likelihood of confusion between the visual appearance of Breeo’s X Series Products alleged trade dress and the visual appearance of The Hearth™ Smokeless Fire Pit, at least because The Hearth™ Smokeless Fire Pit uses a visually distinctive top ring with a two-level profile that is distinctively located to partially cover the upper portions of all four legs, the top ring includes cut-outs that form the visually distinctive trademark “THE HEARTH” and the visually distinctive Urban Fire logo, has one hollow leg that includes a cut-out that forms the visually distinctive trademark “THE HEARTH” near the bottom of the leg, and has two hollow legs that include a cut-out that forms the visually distinctive Urban Fire logo near the bottom of each of the legs, uses three visually distinctive air channels attached to the inside bottom of the fire pit, that each air channel has two lengthwise visually distinctive vents cut out of the sides that extend horizontally from the top of each air channel, where each air channel extends from within the inside portion of a leg, and where none of the three air channels come in contact with one another in the middle of the bottom of the fire pit thereby leaving a visually distinctive open portion in the center of the inside bottom of the fire pit.

52. Based on the foregoing, Breeo's filing of this suit, and YardCraft's and Urban Fire's Answer, an actual justiciable case or controversy has arisen and now exists between Counterclaim Plaintiffs and Breeo as to whether YardCraft and Urban Fire have committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a)(1)(A).

53. YardCraft and Urban Fire are entitled to a judgment from this Court finding that they have not engaged in an unfair competition or false designation of origin through marketing and selling the The Forge™ Smokeless Fire Pit and The Hearth™ Smokeless Fire Pit products.

**PRAYER FOR RELIEF**

WHEREFORE, YardCraft LLC and Urban Fire pray for judgment and seek relief against Breeo as follows:

A. Enter judgment denying all relief requested by Breeo in its Complaint;

B. Dismiss Breeo's Complaint with prejudice;

C. Declare the asserted patents to be not infringed;

D. Declare the asserted trade dress to be not infringed;

E. Declare that YardCraft and Urban Fire have not engaged in any unfair competition or false designation of origin through their marketing and selling the Accused Products;

F. Declare this case exceptional and award YardCraft and Urban Fire their reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117;

G. An award to YardCraft and Urban Fire of their attorneys' fees and costs incurred in defending against Breeo's claims and bringing these counterclaims, and prejudgment and post judgment interest as allowed by law; and

H. An award of such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Defendants YardCraft and Urban Fire request a trial by jury on all issues set forth in the Complaint, Affirmative Defenses, and Counterclaims.

Respectfully submitted,

Date: July 21, 2023

/s/ Anthony J. DiMarino
Anthony J. DiMarino, Esquire
**DIMARINO, LEHRER & COLLAZO, P.C.**
52 Haddonfield-Berlin Road, Suite 1000
Cherry Hill, NJ 08034
Tele: (856) 888-1200
ajd@dimarinolaw.com

Attorneys for Defendants
YardCraft LLC and Urban Fire LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of July, 2023, the foregoing Answer, Affirmative Defenses, Counterclaims, and Jury Demand of Defendants, and Counterclaim Plaintiffs YardCraft LLC and Urban Fire LLC have been electronically filed and are available for viewing and downloading on the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania and that service of these documents are made on all counsel of record by the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania which will automatically send email notification of this filing to all counsel of record.

Date: July 21, 2023

/s/ Anthony J. DiMarino
Anthony J. DiMarino, Esquire